860 F.2d 1079
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricardo JONES, Plaintiff-Appellant,
v.
Larry NEFF, Sgt.; Terry L. Morris; Clyde Tackett,
Defendants-Appellees.
 No. 88-3374.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1988.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio state prisoner moves for the appointment of counsel and appeals the district court's judgment sua sponte dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief and his immediate release from prison, plaintiff filed this suit under 42 U.S.C. Sec. 1983, alleging that his eighth amendment rights were violated when defendant Neff, a prison guard, broke his promise not to tell anyone that plaintiff was the informant who notified officials of an escape. Finding no constitutional violation, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Upon review, we conclude the district court properly dismissed plaintiff's suit. Plaintiff did not state a claim under the eighth amendment as he failed to demonstrate that Neff was deliberately indifferent to his need for safety. See Whitley v. Albers, 475 U.S. 312, 321-22 (1986); McGhee v. Foltz, No. 87-1612 (6th Cir. July 28, 1988). At best, plaintiff has merely shown that Neff was negligent in revealing his name while in the presence of another inmate. Negligence, however, will not support a claim under Sec. 1983. See Davidson v. Cannon, 474 U.S. 344 (1986).
 
 
 4
 Accordingly, the motion for appointment of counsel is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.